IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

DONNIE LEE SLOAN, #495302 §
§
VS. § CIVIL ACTION NO. 4:18cv775
§
DIRECTOR, TDCJ-CID §

**ORDER OF DISMISSAL**

Petitioner Donnie Lee Sloan, an inmate confined in the Texas prison system, proceeding *pro se*, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The cause of action was referred to United States Magistrate Judge Kimberly C. Priest Johnson, who issued a Report and Recommendation concluding that it should be dismissed as successive. Sloan has filed objections.

Sloan is challenging his Grayson County conviction for aggravated robbery with a deadly weapon, Cause No. 36493. He states that he was convicted on September 28, 1988. He has filed numerous petitions pursuant to 28 U.S.C. § 2254 prior to the instant case. *See* Cause Numbers 4:90cv134, 4:94cv157, 4:96cv116, 4:15cv748, and 4:16cv929. In Cause Number 4:90cv134, the Court denied the petition on the merits. In Cause Number 4:94cv157, the Court dismissed the petition as an abuse of the writ. In Cause Numbers 4:96cv116, 4:15cv748, and 4:16cv929, the Court dismissed the petitions as successive.

The present petition should be dismissed in light of 28 U.S.C. § 2244(b)(3)(A). This Court lacks subject matter jurisdiction to consider a second or successive petition unless the Fifth Circuit has granted the petitioner permission to file it. *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). A district court should dismiss a second or successive petition for lack of subject matter jurisdiction that has been filed without the permission of the Fifth Circuit. *Id.* at 838. In the present case, Sloan has not shown that he has received permission from the Fifth Circuit to file a successive petition. Moreover,

a review of the Fifth Circuit's case information website reveals that he has not been given permission to file a second or successive petition. In fact, earlier this year, the Fifth Circuit imposed sanctions against him in the amount of $100 for filing frivolous motions regarding his conviction. *Sloan v. Davis*, No. 16-41642 (5th Cir. Jan. 30, 2018). The Fifth Circuit added that until the sanctions are paid, he is barred from filing any pleadings in this Court or the Fifth Circuit concerning the conviction, unless he first obtains leave of the court in which he seeks to file such challenge.

In his objections, Sloan asserts that the sanctions in the amount of $100 have been paid. *See* Civil Action No. 4:15cv748, docket entry #33. The docket entry reveals that the Court received a notice from the Fifth Circuit, dated February 23, 2018, indicating that the sanctions were paid. He goes on to discuss prior proceedings in this Court and state court, but he has not shown that the Fifth Circuit granted him permission to file a second or successive petition. The petition should be dismissed for lack of subject matter jurisdiction.

The Report of the Magistrate Judge, which contains her proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by Sloan to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct concerning the dismissal of the case for lack of subject matter jurisdiction and Sloan's objections thereto are without merit. Therefore, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DISMISSED** without prejudice for lack of subject matter jurisdiction. A certificate of appealability is **DENIED**. All motions not previously ruled on are hereby **DENIED**.

It is finally **ORDERED** that the Clerk of Court shall return unfiled any new petitions for a writ of habeas corpus submitted by Sloan regarding his conviction unless he shows that he received permission to file it from the Fifth Circuit.

**SIGNED this 12th day of December, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE